IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00586-KDB-SCR

| | |
|---|---|
| **CITADEL BRANDS LLC,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **TEESPRING, INC.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 8). The Court has carefully considered this motion and Plaintiff's supporting memorandum and exhibits. For the reasons discussed below, the Court will **GRANT** the motion as to Plaintiff's claim for breach of contract but **DENY** the motion as to its claims asserting unfair trade practices and the alternate extra-contractual claim of unjust enrichment. Judgment will be entered in Plaintiff's favor in the amount of $489,493.10 for Defendant's failure to pay outstanding invoices for goods sold and delivered and interest pursuant to 28 U.S.C. § 1961. Plaintiff's claim for attorneys' fees will be denied under the "American Rule" that litigants must bear their own attorneys' fees absent a statutory or contractual obligation to pay attorneys' fees, which is not present here.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not

1

treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id*. "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Romenski*, 845 F. Supp. 2d at 706. In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id*.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff is an apparel and textile-related company, which sold apparel and apparel-related goods to Defendant between June 6, 2022 and October 5, 2022, as reflected in numerous invoices. Doc. No. 1 at ¶¶ 8-9; Doc. No. 1-1. The goods were sold pursuant to various Terms and Conditions, including the agreement that the sales would be governed by North Carolina law and the parties' consent to the exclusive jurisdiction and venue in this Court for claims arising out of the purchases. *See* Doc. No. 11-3. According to Plaintiff, Defendant did not pay for all the goods ordered and shipped. *See* Doc. No. 1.

On September 14, 2023, Plaintiff filed its Complaint to collect all amounts due on account from Defendant plus alternate and additional claims for unjust enrichment and unfair trade practices. Plaintiff alleges in the Complaint and by affidavit in support of this motion that

2

Defendant owes Plaintiff the amount of $489,493.10. *See* Doc. No. 8-1. Plaintiff also has testified that it incurred attorneys' fees and costs in the prosecution of this action of $23,138.15. Doc. No. 8-5.

### III.    DISCUSSION

With respect to Plaintiff's breach of contract claim, this motion is straightforward. By its default, Defendant has admitted the material allegations of the Complaint; that is, that it ordered, received and then failed to pay for $489,493.10 of Plaintiff's goods. Therefore, Plaintiff is entitled to judgment in its favor in the proven amount of $489,493.10 in compensatory damages.[1] Plaintiff also seeks to recover its attorneys' fees and costs incurred in pursuing this action. As is well known, the "American Rule" requires each party to a legal dispute to pay its own attorney fees in the absence of an express statutory or contractual right to recover those fees. *Honeywell Int'l Inc.* v. *Opto Elecs. Co.*, No. 321CV00506KDBDCK, 2023 WL 6367671, at *1 (W.D.N.C. Sept. 27, 2023). Here, Plaintiff argues that the Terms and Conditions of sale provide the basis for the award of attorneys' fees; however, the Court can find no reference to an obligation to pay attorneys' fees in those terms. *See* Doc. No. 11-3. Therefore, Plaintiff's motion for attorneys' fees must be denied.

Finally, Plaintiff seeks trebled damages and attorneys' fees for "unfair trade practices" under North Carolina law. North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*, "makes unlawful unfair or deceptive acts or practices in or affecting commerce that proximately injures a plaintiff." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 2293908, at *18 (W.D.N.C. June 24, 2022). For Defendant to

---

[1] Plaintiff also asserted an alternate claim for recovery of these compensatory damages based on "unjust enrichment." Because the Court finds that Plaintiff is entitled to the full amount of compensatory damages based on its claim for breach of contract, it cannot and declines to award duplicative damages based on the theory of unjust enrichment.

3

prevail on its UDTP counterclaim it must show that "(1) [Defendant] committed an unfair or deceptive trade practice, (2) the act or practice in question was in or affecting commerce; and (3) the act or practice proximately caused injury to the plaintiff." *Elsayed v. Family Fare LLC*, 2020 WL 4586788 at *14 (M.D.N.C. Aug. 10, 2020).

A trade practice is unfair "when it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," and deceptive "if it has the capacity or tendency to deceive...." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Commerce is defined as "all business activities." N.C. Gen. Stat. § 75-1.1(b). North Carolina courts have interpreted business activities broadly. *See Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440, 444 (N.C. 1991). Business activities is defined as "the manner in which businesses conduct their regular, day-today activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *Sara Lee Corp. v. Carter*, 351 N.C. 27, 519 S.E.2d 308, 311 (N.C. 1999).

Our courts have often been called upon to apply these principles to UDTP claims arising out of contractual disputes, as is alleged here. Indeed, a UDTP count is included as a boilerplate claim in most all commercial disputes because proof of unfair and deceptive trade practices entitles a plaintiff to treble damages and the possibility of an award of attorneys' fees. *See Allied Distributors, Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993). To discourage this tendency, and to reign in the "extraordinary damages authorized by the UDTPA, North Carolina courts have repeatedly held that a 'breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UDTPA,] N.C.G.S. § 75–1.1.'" *Broussard v. Meineke Disc. Muffler Shops, Inc*., 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson*, 107 N.C.App. 53, 418 S.E.2d 694, 700 (1992)). Instead, a

4

plaintiff must show "substantial aggravating circumstances attending the breach." *Id.*; *Lowe's Companies, Inc. v. Ferrandino & Son, Inc.*, No. 522CV00033KDBDCK, 2022 WL 2921137, at *2–3 (W.D.N.C. July 25, 2022); *CS Tech., Inc. v. Horizon River Tech., LLC*, 3:18-cv-00273, 2020 WL 4546436 at *8 (W.D.N.C. Aug. 6, 2020) (holding that improper invoicing did not support fraud or negligent misrepresentation claims, and that tort claims were inappropriate because the invoice dispute was "not extracontractual at all").

Thus, notwithstanding the default, the question before the Court is whether Plaintiff has sufficiently pled "substantial aggravating circumstances" to proceed with its UDTP claim. The Court cannot find sufficient aggravating circumstances based only on the allegations that Defendant was engaged in negotiations to sell its assets to third parties during the period in which Defendant was ordering the apparel goods from Plaintiff and, in effect, knew that if the assets were sold it would not have sufficient funds to pay for the goods ordered, contrary to numerous representations made to Plaintiff. While the alleged circumstances (ordering goods for which a buyer may not be able to pay) may arguably amount to an intentional breach of contract, simply claiming an uncertain ability to pay is insufficient, without more, to support a UDTP claim. Therefore, Plaintiff's UDTP claim will be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 8) is **GRANTED in part and DENIED in part** as set forth above**;**
2. Judgment is entered in favor of Plaintiff in the amount of $489,493.10;
3. Plaintiff is awarded interest on its judgment pursuant to 28 U.S.C. § 1961; and
4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 27, 2024

*[signature]*

Kenneth D. Bell
United States District Judge